UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY AARON MOORE,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE, United States Marine Drill Instructor,<br><br>　　　　　　　　Defendant. | Case No.: 3:18-cv-1218-WQH-BLM<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF Doc. No. 2];**<br><br>**(2) DENYING MOTIONS TO APPOINT COUNSEL AND FOR "EMERGENCY STATUS" [ECF Doc. Nos. 2, 3];**<br><br>**(3) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a);** |

　　　　Plaintiff, Jeffrey Aaron Moore, currently housed at the Mohave County Adult Detention Center located in Kingman, Arizona, has filed a civil action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF No. 1). Plaintiff has not prepaid the full civil filing fee required by 28 U.S.C. §

1

1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2). In addition, Plaintiff has filed a "Motion to Appoint Counsel" along with a "Motion for Emergency Status." (ECF Nos. 3, 4.)

**I.    Motion to Proceed IFP**

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners" like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim,"

*Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II. Application to Plaintiff

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that it does not contain "plausible allegations" which suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). While Plaintiff's allegations are serious, they are allegations that arise from events that were alleged to have occurred in 1992 and 1993. (ECF No. 1 at 2–3). Plaintiff filed this action on June 7, 2018. *Id.*

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Thus, this Court takes judicial notice that Plaintiff, while incarcerated, has brought at least three[1] prior civil actions which have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g).

///

---

[1] To date, Plaintiff has brought 22 civil rights action in the Arizona District Court since October of 2016 and 15 appeals of these matters in the Ninth Circuit Court of Appeals. *See* https://pcl.uscourts.gov/pcl/pages/search/findPartyAdvanced.jsf (website last visited June 18, 2018.)

They are:

1) *Moore v. Mohave County, et al.*, Civil Case No. 16cv08242 PCT (DLR) (AZ February 15, 2017) (Order Dismissing Action for failing to state a claim) (strike one);

2) *Moore v. Flagstaff Medical Center, et al.*, Civil Case no. 16cv08259 PCL (DLR) (AZ February 21, 2017) (Order Dismissing Action for failing to state a claim) (strike three)

3) *Moore v. Arizona Attorney General, et al.*, Civil Case No. 16cv08256 PCL (DLR) (AZ May 10, 2017) (Order Dismissing First Amended Complaint for failing to state a claim) (strike two);

Accordingly, because Plaintiff has, while incarcerated, accumulated at least the three "strikes" permitted pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

///
///
///
///
///
///
///
///

### III. Conclusion and Order

For the reasons set forth above, the Court hereby:

(1) DENIES Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) as barred by 28 U.S.C. § 1915(g);

(2) DISMISSES this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a).

(3) DENIES Plaintiff's Motion to Appoint Counsel and Motion for "Emergency Status" (ECF Doc. Nos. 3, 4) as moot.

The Clerk shall close the file.

IT IS SO ORDERED.

Dated: June 22, 2018

Hon. William Q. Hayes
United States District Court