UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY AARON MOORE,<br><br>  Plaintiff,<br><br>v.<br><br>JOHN DOE, United States Marine Drill Instructor,<br><br>  Defendants. | Case No.: 3:18-cv-01218-WQH-BLM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 6]** |

Currently before the Court is Plaintiff's "Motion for Reconsideration or Alternatively Notice to Appeal." (ECF No. 6.) In this Motion, Plaintiff seeks reconsideration of the Court's June 22, 2018 Order denying Plaintiff *in forma pauperis* ("IFP") status as barred by 28 U.S.C. § 1915(g). (ECF No. 5.)

1

## I. Procedural History

On June 7, 2018, Plaintiff, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed IFP. Finding at least three prisoner civil actions filed by Plaintiff had been previously dismissed as "frivolous, malicious, or [for] fail[ing] to state a claim," the Court denied Plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g), and dismissed the action for failure to prepay the entire $400 civil filing fee as required by 28 U.S.C. § 1914(a). (*See* June 22, 2018 Order, ECF No. 5 at 5.)

## II. Plaintiff's Motion

### A. Standard of Review

Under Federal Rule of Civil Procedure 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. Fed. R. Civ. P. 60(b).

### B. Plaintiff's Arguments

In the Court's June 22, 2018 Order, the Court found that Plaintiff was not entitled to proceed IFP and his initial Complaint failed to meet the criteria to support finding an exception to the § 1915(g) rule. Specifically, in order to proceed IFP in this matter, Plaintiff would have to show that he "faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (hereafter "*Cervantes*") (quoting 28 U.S.C. § 1915(g)).

### 1. Strikes[1]

Plaintiff argues the matters that the Court determined to be "strikes," were not in fact actions that were dismissed for failing to state a claim. *See* Pl.'s Mot., ECF No. 6, at 2. Instead, Plaintiff argues that the reasons for the dismissals were "based on jurisdiction" and "they have all been re-filed and are pending in the Superior Court of Arizona." *Id.* The Court will specifically address the three cases determined to be "strikes" in the June 22, 2018 Order. A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

In the first "strike," *Moore v. Mohave County, et al.*, Civil Case No. 16cv8242 PCT (DLR) (AZ, Feb. 15, 2017), United States District Judge Douglas L. Rayes specifically ruled that "[t]he Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly." *Id.* at 5 (emphasis in original). Moreover, District Judge Rayes ordered the "Clerk of Court to make an entry on the docket stating that the dismissal for failure to state a claim may count as a 'strike' under 28 U.S.C. § 1915(g)." *Id.* While the Court determined that Plaintiff's attempt to seek injunctive relief in his pending criminal case would be subject to the

---

[1] Plaintiff has been barred from proceeding IFP pursuant to 28 U.S.C. 1915(g) in a number of other matters. *See Moore v. Trump*, AZ Civil Case No. 17cv8131 DLR JZB; *Moore v. Twitter, et al.*, AZ Civil Case No. 17cv8132 DLR JZB; *Moore v. Chavez, et al.*, AZ Civil Case No. 17cv8163 DLR JZB; *Moore v. Bishcoff, et al.*, AZ Civil Case No. 17cv8164 DLR JZB; *Moore v. Higgens, et al.*, AZ Civil Case No. 17cv8179 DLR JZB; *Moore v. Bishoff, et al.*, AZ Civil Case No. 17cv8188 DLR JZB; *Moore v. Driscoll, et al.*, AZ Civil Case No. 17cv8220 DLR JZB; *Moore v. Schuster, et al.*, AZ Civil Case No. 18cv8011 DLR JZP.

*Younger*[2] abstention doctrine, the action was not dismissed on jurisdictional grounds. *Id.* at 4.

In the second "strike," *Moore v. Flagstaff Medical Center, et al.*, Civil Case No. 16cv8259 PCL (DLR) (AZ February 21, 2017), District Judge Rayes ruled that Plaintiff's complaint was "**dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1)" and directed the Clerk of Court to "make an entry on the docket stating that the dismissal for failure to state a claim may count as a 'strike' pursuant to 28 U.S.C. § 1915(g)." *Id.* at 5 (emphasis in original). There was no portion of this ruling in which Plaintiff's action was dismissed on jurisdictional grounds.

In the third "strike," *Moore v. Arizona Attorney General, et al.*, Civil Case No. 16cv8256 PCL (DLR) (AZ May 10, 2017), District Judge Rayes ruled that "Plaintiff's First Amended Complaint and this action are **dismissed** for failure to state a claim" and the "Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a 'strike' under 28 U.S.C. § 1915(g)." *Id.* at 6 (emphasis in original). There was no portion of this ruling in which Plaintiff's action was dismissed on jurisdictional grounds.

In all three matters, Plaintiff's actions were dismissed for failing to state a claim and were properly determined to be "strikes" pursuant to 28 U.S.C. § 1915(g).

### 2. Imminent Danger Exception

Plaintiff also argues that he is entitled to proceed under the "imminent danger of serious physical injury" exception found in 28 U.S.C. § 1915(g). Plaintiff asserts that the prior traumatic experiences in his life, including those alleged in this action, have caused

---

[2] *Younger v. Harris*, 401 U.S. 37 (1971)

him to have thoughts of committing suicide. *See* Pl.'s Mot., ECF No. 6, at 1. Plaintiff raises a serious issue but to qualify for § 1915(g)'s exception, the danger allegedly faced must be real, proximate, and/or ongoing. *See Cervantes*, 493 F.3d at 1056 (9th Cir. 2007)2; *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("[T]he harm must be imminent or occurring at the time the complaint is filed."). Speculative and non-specific allegations of potential danger, the possibility of retaliation, and incidents of past harm are insufficient. *Cervantes*, 493 F.3d at 1057 n.11; *see also Womack v. Sullivan*, No. 2:14-CV-85-EFB P, 2014 WL 11774841, at *1 (E.D. Cal. Jan. 30, 2014) (finding EOP inmate's allegations of post-traumatic stress and teeth-grinding due to prison's failure to provide him single-cell status insufficient to show "imminent danger of serious physical injury" under § 1915(g)), *report and recommendation adopted*, No. 2:14-CV-85-WBS-EFB P, 2014 WL 11774842 (E.D. Cal. Feb. 25, 2014), *aff'd,* 594 F. App'x 402 (9th Cir. 2015); *Beeson v. Copsey*, 2011 WL 4948218 (D. Idaho Oct.17, 2011) (finding allegations of "prison violence, reprisal, gov-action, loss of const. rights" were "vague, non-specific allegations [that] are insufficient to show imminent danger"); *Pauline v. Mishner*, 2009 WL 1505672 (D. Haw. May 28, 2009) (vague and conclusory allegations of possible future harm to himself or others are insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g)); *Cooper v. Bush*, 2006 WL 2054090 (M.D. Fla. July 21, 2006) (finding claims that plaintiff would commit suicide, or that he has already attempted suicide and would do so again, insufficient to show imminent danger). Based on the record before this Court, there are no allegations that Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

Plaintiff has failed to establish that he is entitled to any reconsideration of the Court's

5

3:18-cv-01218-WQH-BLM

June 22, 2018 Order under Rule 60(b).  *See Kona Enters. Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (describing reconsideration as an "extraordinary remedy, to be used sparingly in the interests of finality and conversation of judicial resources"). Plaintiff's Motion for Reconsideration is DENIED.

### III. Conclusion and Order

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 6) is DENIED.  The Clerk shall close the file.

Dated: July 13, 2018

Hon. William Q. Hayes
United States District Court