UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeffrey Aaron Moore,<br><br>                            Plaintiff,<br><br>v.<br><br>John Doe, "United States" Marine - Drill Instructor - Department of the Navy,<br><br>                          Defendant. | Case No.: 18cv1218-WQH-BLM<br><br>**ORDER** |

HAYES, Judge:

      The matter before the Court is the Motion to Appoint Counsel filed by Plaintiff. (ECF No. 14).

      On June 7, 2018, Plaintiff, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed in forma pauperis (IFP). (ECF Nos. 1–2). Finding at least three prisoner civil actions filed by Plaintiff had been previously dismissed as "frivolous, malicious, or [for] fail[ing] to state a claim," the Court denied Plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g), and dismissed the action for failure to prepay the entire $400 civil filing fee as required by 28 U.S.C. § 1914(a). (ECF No. 5 at 5).

      On July 2, 2018, Plaintiff filed a Motion for Reconsideration (ECF No. 6) and a Notice of Appeal (ECF No. 7). The Court of Appeals stated "that the notice of appeal was filed during the pendency of a timely-filed motion . . . still pending in the district court. The July 2, 2018 notice of appeal is therefore ineffective until entry of the order disposing of the last such motion outstanding. . . . Within 14 days after the district court's ruling on the pending motion, appellant shall file a written notice in this court: (1) informing this

court of the district court's ruling; and (2) stating whether appellant intends to prosecute this appeal." (ECF No. 10 at 1).

On July 13, 2018, this Court denied Plaintiff's Motion for Reconsideration. (ECF No. 11).

On July 20, 2018, the Court of Appeals lifted the stay of appellate proceedings. (Civ. No. 18-55916 at ECF No. 5).

On December 21, 2018, the Court of Appeals granted Plaintiff's motion to proceed IFP. (ECF No. 12 at 1).

On January 16, 2018, Plaintiff filed the Motion to Appoint Counsel, requesting that this Court enter "an order appointing counsel to represent him in this case." (ECF No. 14 at 1).

"[T]he filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). This general rule avoids "the confusion and waste of time that might flow from putting the same issues before two courts at the same time." *Id.* (citing *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 840 F.2d 730, 734 (9th Cir. 1988). Exceptions to the rule permit a district court to "retain jurisdiction to correct clerical errors or clarify its judgment pursuant to Fed. R. Civ. P. 60(a)," pursuant to "a duty to supervise the status quo during the pendency of an appeal," to "aid [in] execution of a judgment that has not been superseded," or pursuant to a statute, such as Rule 60(b) motions. *Id.* (citations omitted).

In this case, Plaintiff's notice of appeal regarding this Court's June 22, 2018 Order has transferred jurisdiction to the Court of Appeals. The Motion to Appoint Counsel is in furtherance of Plaintiff's appeal. This Court lacks jurisdiction to consider Plaintiff's Motion to Appoint Counsel.

IT IS HEREBY ORDERED that Plaintiff's Motion (ECF No. 14) is denied.

Dated: January 17, 2019

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court