UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY AARON MOORE,<br><br>                        Plaintiff,<br><br>    v.<br><br>JOHN DOE, United States Marine Drill Instructor,<br><br>                        Defendant. | Case No.: 3:18-cv-1218-WQH-BLM<br><br>**FINAL ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE** |

On June 7, 2018, Plaintiff, Jeffrey Aaron Moore, currently housed at the Mohave County Adult Detention Center located in Kingman, Arizona, filed a civil action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF No. 1). Plaintiff did not prepay the full civil filing fee required by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed In Forma Pauperis (IFP). (ECF No. 2). In addition, Plaintiff filed a "Motion to Appoint Counsel" along with a "Motion for Emergency Status." (ECF Nos. 3, 4).

On June 22, 2018, the Court denied Plaintiff's Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g), dismissed the action for failing to prepay the $400 civil and

1

administrative filing fees required by 28 U.S.C. § 1914(g), and denied the remaining motions as moot. (ECF No. 5). Plaintiff filed a Notice of Appeal with the Ninth Circuit Court of Appeals. (ECF No. 7).

On January 24, 2019, the Ninth Circuit Court of Appeals issued an order vacating the June 22, 2018 Order and "remanded for further proceedings consistent with this order." (ECF No. 17). The Court of Appeals found that one of the three dismissals in previously filed actions relied on by this Court in finding that Plaintiff had "three strikes" pursuant to 28 U.S.C. § 1915(g) was "improperly counted as a strike." *Id.* at 1. The Court of Appeals found that the "district court correctly concluded that two other prior dismissals" could be considered "strikes" for 28 U.S.C. § 1915(g) purposes and noted that "it appears there may be other dismissed actions that qualify as strikes." *Id.*

On March 18, 2019, the mandate was issued.

On March 28, 2019, the Court spread the mandate. (ECF Nos. 19–20).

On March 28, 2019, the Court issued an order on remand denying the Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g), dismissed the action for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(g), and denied the remaining motions as moot. (ECF No. 18). The Court granted Plaintiff thirty days to pay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a) and stated, "If Plaintiff fails to pay the entire civil and administrative fee within the time provided, the Court will enter a final Order dismissing this civil action." *Id.* at 6.

On April 3, 2019, Plaintiff filed a Notice of Appeal. (ECF No. 21).

On July 10, 2019, the Court of Appeals dismissed the appeal for failure to prosecute. (ECF No. 26). The Court of Appeals stated, "This order served on the district court shall, 21 days after the date of the order, act as and for the mandate of this court." *Id.* at 1.

The Federal Rules of Appellate Procedure provide "The mandate is effective when issued." Fed. R. App. P. 41. Jurisdiction returns to the district court once the mandate of the appellate court is issued. *See Caldwell v. Puget Sound Elec. Apprenticeship & Training*

*Tr.*, 824 F.2d 765, 767 (9th Cir. 1987) ("[T]he mandate of the court of appeals, once issued, returns to the district court. . . . Upon return of its mandate, the district court . . . may act on 'matters left open by the mandate.'") (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 256 (1895)).

The record reflects no further filings. The record reflects that Plaintiff has not paid the civil and administrative filing fees required by 28 U.S.C. § 1914(a).

IT IS HEREBY ORDERED that this action is dismissed without prejudice for failure to pay the $400 civil and administrative filing fees.

Dated: August 14, 2019

*[signature]*
Hon. William Q. Hayes
United States District Court